**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-5096**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHAKEEM HERATIO CRAWFORD,

                    Defendant - Appellant.

---

**No. 08-4029**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

SHAKEEM HERATIO CRAWFORD,

                    Defendant - Appellant.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, District Judge.  (3:06-cr-00069-JPB-1)

---

Submitted:  July 2, 2008          Decided:  September 5, 2008

---

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lary D. Garrett, GARRETT & GARRETT, Moorefield, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shakeem Heratio Crawford was convicted after a jury trial of one count of conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000); one count of distribution of crack cocaine and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In the presentence report (PSR), the probation officer grouped all counts and determined that Crawford's relevant conduct totaled between 351.96 and 355.209 grams of crack cocaine, which yielded a base offense level of thirty-two pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(c)(4) (2007). Crawford's prior criminal activity, however, resulted in his designation as a career offender pursuant to USSG § 4B1.1(b)(B), which increased his offense level to thirty-seven and mandated a criminal history category of VI. The Guidelines range was 360 months to life imprisonment.

Crawford filed several objections to the PSR, only two of which are relevant to this appeal. First, he asserted that the March 18, 1998, New York state conviction for attempted sale of a controlled substance was not a felony conviction and thus could not serve as a predicate for career offender sentencing. He also objected to the PSR's determination of his drug quantity relevant conduct as unsupported by the evidence at trial. The district

- 3 -

court overruled Crawford's objection to the characterization of his 1998 conviction as a felony controlled substance offense and found that he was a career offender, which mooted his other objections. The court also denied Crawford's request for a downward departure or variance, and sentenced him to 360 months of imprisonment, ten years of supervised release, and a $400 special assessment. Crawford timely appealed. We affirm.

On appeal, Crawford asserts several errors by the district court. He first argues that the district court erred in denying his motion for judgment of acquittal at the close of the Government's case, and in denying his motion for a new trial. He claims that the evidence was insufficient to send the case to the jury, or to sustain the jury's verdict, in that it was insufficient to establish that he was in fact the person, "Nico," described by the Government's witnesses. He does not assert that the crimes in question did not occur, but rather that he was not the person who committed those crimes.

This court reviews the district court's denial of a motion for judgment of acquittal de novo, and its ruling on a motion for a new trial for abuse of discretion. See United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003); United States v. Rhynes, 206 F.3d 349, 360 (4th Cir. 1999) (en banc). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir.

- 4 -

1997).  "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984).  A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).  In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.  United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  Our review of the record leads us to conclude that the evidence was sufficient to establish Crawford's guilt.

Crawford next asserts that the Government committed reversible error during the testimony of Trooper Brian Bean when the Assistant United States Attorney (AUSA) attempted to elicit hearsay testimony.  Although he states that the standard of review is for abuse of discretion, Crawford does not assert any error by the district court in its response to his objections to this

testimony. Contrary to Crawford's argument, the Government did not place inadmissible hearsay before the jury, because the district court sustained his objections before Trooper Bean could state the basis for his belief that Crawford's information was consistent with other information developed in the investigation.

To the extent Crawford's argument can be construed as alleging prosecutorial misconduct, it is without merit. A claim of prosecutorial misconduct is reviewed to determine whether the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). To prevail under this standard, Crawford must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected his substantial rights" so as to deprive him of a fair trial. Id. The questioning in this instance was not improper, but rather part of the normal examination of a witness that may elicit an objectionable answer. Nor did this questioning prejudice Crawford, as no actual hearsay was placed before the jury. Crawford is not entitled to relief on this claim.

Crawford also argues that the district court erred in sustaining the Government's objection and prohibiting him from mentioning an indicted co-conspirator as a missing witness. "The district court is afforded broad discretion in controlling closing

arguments and is only to be reversed when there is a clear abuse of its discretion." United States v. Rhynes, 196 F.3d 207, 236 (4th Cir. 1999). "It is well settled that the rule regarding missing witness instructions is that if a party has it peculiarly within his [or her] power to produce witnesses whose testimony would elucidate the transaction, the fact that he [or she] does not do it creates the presumption that the testimony, if produced, would be unfavorable." United States v. Brooks, 928 F.2d 1403, 1412 (4th Cir. 1991) (internal quotation marks omitted). Crawford has produced no evidence that the witness was accessible only to the Government, or any other reason that he could not have subpoenaed the witness to testify at trial. The district court did not abuse its discretion in sustaining the Government's objection to Crawford's argument.

Crawford next asserts that the district court erred in overruling his objection to the AUSA's statements regarding reasonable doubt during final argument, and that the AUSA plainly erred in that same argument in stating that the Constitution had nothing to do with this case. Our review of the statements in question, in the context of the arguments as a whole, leads us to conclude that the remarks about standards of proof were not improper, but were an appropriate response to the remarks of Crawford's counsel. The AUSA's remarks about the Constitution were, although perhaps unnecessary, not improper. The jury's

- 7 -

function was to decide whether the Government had produced sufficient evidence to establish the facts necessary to prove Crawford's guilt. Any Constitutional issues were the exclusive province of the trial judge. Crawford is not entitled to relief on this claim.

Crawford next argues that the district court erred in concluding that he was a career offender and that his relevant conduct greatly exceeded fifty grams of crack cocaine. Crawford was classified as a career offender based on two prior felony convictions for a controlled substance offense. Crawford claims he has only one prior felony conviction of a controlled substance offense. In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Crawford argues, as he did before the district court, that his 1998 New York conviction for attempted sale of heroin is not a felony controlled substance offense. Our review of the record convinces us otherwise. The district court properly determined that Crawford was a career offender, and correctly calculated his Guidelines sentencing range. Because he was properly classified as a career offender, any error in determining the relevant conduct drug quantity had no effect on his Guidelines range.

Crawford's final argument is that his 360-month sentence is an abuse of discretion in that the district court erred in denying his motion for departure or variance because his criminal history category overstated the seriousness of his past criminal conduct.  Regarding Crawford's request for a downward departure, the record reflects that the district court recognized its authority to depart but concluded that a departure was not warranted on the facts of this case.  The court's decision is therefore not reviewable on appeal.  United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).

We review a sentence for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 128 S. Ct. 586, 597 (2007).  As discussed above, Crawford's Guidelines range was correctly calculated, and the record reveals that the district court explicitly stated that it considered the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), and explained its reasons for selecting the sentence imposed.  Crawford's sentence is thus without procedural defect.  This court presumes that a sentence imposed within the properly calculated Guidelines range is reasonable.  United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).  The record contains nothing that indicates the district

court abused its discretion in selecting a 360-month sentence, which was the bottom of the applicable Guidelines range.

Accordingly, we affirm Crawford's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED