**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4364**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEVIN HEWLETT,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:20-cr-00064-TSE-1)

_____

Submitted:  April 18, 2023                              Decided:  April 27, 2023

_____

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  John C. Kiyonaga, LAW OFFICE OF JOHN C. KIYONAGA, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Zoe Bedell, Assistant United States Attorney, Jacqueline Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kevin Hewlett of one count of production of child pornography in violation of 18 U.S.C. § 2251(a), (e), and one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1). The district court sentenced him to 228 months' imprisonment. After considering the various issues raised on appeal, we affirm.

On August 15, 2018, Hewlett engaged in sexually explicit conduct with a 16-year-old minor and produced a video of the interaction using his iPhone. Prior to filming that video, Hewlett created a 13-second test video. On that clip, Hewlett is seen positioning the camera, walking over behind the girl, and pressing his naked body against her. Hewlett then looks back at the camera to ensure that both he and the girl are in the frame. Then he ends the recording. Following that test video, Hewlett recorded a two-minute video depicting him engaging in sexual conduct with the minor girl. Approximately two months later, the minor girl asked Hewlett to share the video with her. After a couple failed attempts to send the video via Instagram, Hewlett shortened the video and sent it to her by text message.

Hewlett first argues that the evidence was insufficient to establish a nexus to interstate commerce sufficient to create federal jurisdiction, claiming that all of the conduct giving rise to these offenses occurred within the Commonwealth of Virginia. We have previously held that the use of a computer to create and or to send child pornography satisfies the interstate nexus requirement for federal jurisdiction. *See United States v. Miltier*, 882 F.3d 81, 92 (4th Cir. 2018) (upholding conviction based on purely intrastate receipt of child pornography where evidence established previous movement of a computer

2

through interstate or foreign commerce). The evidence showed that Hewlett sent the video to the minor using the Internet. *See United States v. Ellyson*, 326 F.3d 522, 533 (4th Cir. 2003) (finding "substantial evidence to satisfy the interstate commerce component" based on images of child pornography that defendant downloaded from the Internet). To the extent that Hewlett suggests that we revisit these precedents; we note that one panel of this court cannot overrule a decision issued by another panel. *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015).

Hewlett next contends that the district court erred in instructing the jury as to the mens rea required to produce child pornography. The statute requires the Government to prove that the "defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct." *United States v. Malloy*, 568 F.3d 166, 169 (4th Cir. 2009). Thus, the Government must prove that creating a visual depiction is more than "merely incidental" to other, more important purposes. *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020) (rejecting instruction that the creation of a visual depiction be "a purpose"). "Whether an instruction reads 'the purpose,' 'the dominant purpose,' 'a motivating purpose'—or some other equivalent variation—may not be crucial, but the statute plainly requires something more than 'a purpose.'" *Id.* at 697. We conclude that the district court's instruction accurately stated the law, and we find no abuse of discretion by the district court in declining to use the instruction Hewlett requested. *See id.* at 694 (providing standard).

3

Hewlett also challenges the district court's denial of his request for a missing witness jury instruction. Hewlett asserted that the minor girl was a key witness who could testify to the nature of their relationship and whether he engaged in the sexual conduct with her for the purpose of producing a visual depiction. The district court correctly determined that the minor girl was not unavailable to Hewlett and that he could have subpoenaed her to testify and did not.[1] *See United States v. Brooks*, 928 F.2d 1403, 1412 (4th Cir. 1991) (explaining circumstances necessary to warrant missing witness instruction).

Hewlett further contests the district court decision prohibiting him from referring, during closing arguments, to the girl's absence and in asking the jury to consider what she would have said if she had testified. The court ruled that counsel was not permitted to invite the jury to speculate as to what the minor victim would have said.

"The district court is afforded broad discretion in controlling closing arguments and is only to be reversed when there is a clear abuse of its discretion." *United States v. Baptiste*, 596 F.3d 214, 226 (4th Cir. 2010) (cleaned up). We find no abuse of discretion in the district court's ruling prohibiting counsel from asking the jury to draw a negative inference from the witness' absence. *See United States v. Crawford*, 317 F. App'x 303, 306 (4th Cir. 2008) (No. 07-5096(L)) (upholding district court's ruling prohibiting defense counsel from mentioning an indicted coconspirator as a missing witness when defendant failed to show that he could not have subpoenaed the witness to testify). Because Hewlett could have subpoenaed the minor girl to testify and did not, he was not "entitled to argue

---

[1] We also agree with the district court's determination that the minor girl's testimony as to the nature of the relationship was not relevant.

to the jury the absence of [the witness] or to draw any inferences from [her] absence." *Brooks*, 928 F.2d at 1412.

Next, Hewlett argues that the district court abused its discretion by denying his requests for a continuance of sentencing and for funds to allow him to retain an expert witness to re-examine the content of his cell phone for possible mitigating evidence.[2] We agree with the district court that the proffered evidence was not relevant to Hewlett's sentencing and therefore not necessary. Accordingly, we find no abuse of discretion by the district court in denying Hewlett's request. *See United States v. Hartsell*, 127 F.3d 343, 349 (4th Cir. 1997) (providing standard).

Lastly, Hewlett contests the district court's ruling prohibiting him from introducing, during his sentencing hearing, evidence of the victim's conduct and character. Hewlett's contention that the victim's character is relevant to the nature of his offense is incorrect, and we find no abuse of discretion by the district court in ruling that such evidence was not relevant to sentencing. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (recognizing that "sentencing judges exercise wide discretion in the types of evidence they may consider when imposing sentence") (internal quotation marks omitted).

Hewlett, who is represented by counsel, also seeks to file a pro se supplemental brief. However, "an appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal." *United States v. Cohen*, 888 F.3d

---

[2] We note that the district court authorized funds for a computer forensic expert to examine Hewlett's iPhone prior to his trial.

5

667, 682 (4th Cir. 2018).  We therefore deny Hewlett's motion to file a supplemental pro

se brief.  We affirm the district court's judgment. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED*