**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7114**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LANCE ANTONIO WILLIAMS,

        Defendant – Appellant.

------------------------

JOHN DONLEY ADAMS,

        Court-Assigned Amicus Counsel.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:07-cr-00429-JAB-6)

———————

Argued: October 7, 2015        Decided: December 14, 2015

———————

Before TRAXLER, Chief Judge, and KING and THACKER, Circuit Judges.

———————

Vacated and remanded by published opinion. Judge King wrote the majority opinion, in which Judge Thacker joined. Chief Judge Traxler wrote a dissenting opinion.

———————

**ARGUED:** Eric David Placke, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Robert Michael Hamilton, OFFICE OF THE UNITED STATES ATTORNEY,

Greensboro, North Carolina, for Appellee. John Donley Adams, MCGUIREWOODS LLP, Richmond, Virginia, as Court-Assigned Amicus Counsel. **ON BRIEF:** Louis C. Allen, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. Brian D. Schmalzbach, MCGUIREWOODS LLP, Richmond, Virginia, for Amicus Curiae.

---

KING, Circuit Judge:

Lance Antonio Williams appeals from the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). Williams seeks the benefit of recent amendments to the Sentencing Guidelines and contends that the court in the Middle District of North Carolina erred when it ruled him ineligible for a sentence reduction. According to Williams, Guidelines Amendment 780, which revised the policy statement governing § 3582(c)(2) sentence reductions, renders him eligible for relief. The United States Attorney supports Williams's position in this appeal. As explained below, we vacate and remand.[1]

I.

On March 3, 2008, Williams pleaded guilty to distributing cocaine base, in contravention of 21 U.S.C. § 841(a)(1). Prior to his guilty plea, the United States Attorney filed a notice, pursuant to 21 U.S.C. § 851, advising Williams and the district

---

[1] Because the United States Attorney sides with Williams in this appeal, we appointed attorney John Donley Adams of Richmond, Virginia, as amicus counsel to support the district court's ruling. We appreciate his valuable service to our Court in this matter.

3

court that Williams's prior North Carolina drug conviction would be utilized to seek an enhanced penalty under § 841(b)(1)(A).[2]

The Probation Officer prepared Williams's presentence report (the "PSR") and recommended that he be sentenced to 240 months in prison.[3] The PSR made that recommendation by starting at a base offense level of 30, predicated on a drug weight of fifty-six grams. The offense level was then lowered to reflect Williams's acceptance of responsibility, resulting in a final offense level of 27. With Williams's criminal history category of VI, the Guidelines advised a sentencing range of 130 to 162 months. The prosecutor's § 851 notice, however, triggered § 841(b)(1)(A)'s mandatory minimum sentence of 240 months. Because Williams's entire advisory Guidelines range fell below the statutory mandatory minimum sentence, his Guidelines sentence was the statutory minimum of 240 months. See USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the

_____

[2] Section 841(b)(1)(A) of Title 21 mandates that, if a person commits a violation specified in that provision "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years."

[3] The PSR relied on the 2007 edition of the Sentencing Guidelines. Unless otherwise specified, we refer to the 2014 edition, the Guidelines edition applicable to Williams's § 3582(c)(2) motion. See USSG § 1B1.10(b)(1).

4

statutorily required minimum sentence shall be the guideline sentence.").

Prior to the December 9, 2008 sentencing hearing, the prosecutors filed a motion for a downward departure, pursuant to 18 U.S.C. § 3553(e), recognizing Williams's substantial assistance to the authorities.[4] On the prosecutors' recommendation, the court imposed a sentence of 180 months, reflecting a twenty-five percent reduction from the 240-month Guidelines sentence.

On May 9, 2012, more than three years after his conviction and sentencing, Williams filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court did not act on that motion until after the Probation Officer submitted a memorandum to the court on May 18, 2015, advising that Williams was eligible for a sentence reduction. On June 18, 2015, the court appointed a lawyer to represent Williams and ordered briefing on the sentence-reduction motion. Williams and

---

[4] Pursuant to 18 U.S.C. § 3553(e), a prosecutor's downward-departure motion confers upon a sentencing court "the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Such a sentence must be imposed "in accordance with the guidelines and policy statements issued by the Sentencing Commission." Id.; see USSG 5K1.1 (requiring sentencing court to consider quality, credibility, extent, riskiness, and timeliness of assistance to determine extent of departure under § 3553(e)).

the United States Attorney agreed that Williams was eligible for a sentence reduction under Guidelines Amendments 750 and 782 — both of which reduced the offense level applicable to his conviction — due to the procedural changes introduced by Guidelines Amendment 780. See USSG app. C, amend. 780 (Supp. 2014) (revising Guidelines to clarify § 3582(c)(2) eligibility for defendant sentenced below statutory minimum due to substantial-assistance departure).

By memorandum opinion of July 10, 2015, the district court denied Williams's § 3582(c)(2) motion. See United States v. Williams, No. 1:07-cr-00429 (M.D.N.C. July 10, 2015), ECF No. 372 (the "Opinion"). The Opinion acknowledged that, based on Amendments 750 and 782, Williams's final offense level would be 21 instead of 27, resulting in a Guidelines range of 77 to 96 months. Nonetheless, the court ruled that Williams had not satisfied the eligibility requirements of § 3582(c)(2) because his 180-month sentence was based on a statutory mandatory minimum and a statutorily authorized departure for substantial assistance, rather than on a Guidelines range that had been subsequently lowered. The court reached that conclusion in reliance on our 2009 decision in United States v. Hood, 556 F.3d 226 (4th Cir. 2009).

Williams filed a timely notice of appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

We review de novo a district court's ruling on the scope of its legal authority under 18 U.S.C. § 3582(c)(2). See United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013).

## III.

On appeal, Williams maintains that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court, in its Opinion denying Williams's sentence-reduction motion, disagreed with that contention. The amicus counsel defends the position of the district court in this proceeding. Williams and the United States Attorney counter that the court misunderstood the scope of its authority under § 3582(c)(2), because, inter alia, Amendment 780, promulgated in 2014, revised the Sentencing Commission's policy statement governing eligibility for a sentence reduction. As a result, they contend that the court's denial of Williams's § 3582(c)(2) motion should be vacated.

A.

In order to properly assess Williams's eligibility for a sentence reduction under § 3582(c)(2), we first identify the relevant principles governing such reductions. That discussion implicates the Supreme Court's mandate that a federal court determine a prisoner's eligibility under § 3582(c)(2) by adhering to the Commission's policy statements, and also involves the Commission's authority to dictate the proper application of the Guidelines.

1.

Congress created the Commission in 1984 to provide guidance, clarity, and fairness in sentencing. See 28 U.S.C. § 991(b). The Guidelines reflect the Commission's efforts to that end and assist the federal courts in imposing appropriate sentences on a case-by-case basis. To ensure that the Guidelines reflect current views on criminal behavior and account for revisions to statutory provisions, Congress has empowered the Commission to amend the Guidelines. See id. § 994(o), (p). Those amendments are effective unless "otherwise modified or disapproved by Act of Congress." Id. § 994(p). When an amendment lowers the Guidelines range for a particular offense, the Commission must indicate whether and in what circumstances such amendment will have retroactive effect — that is, by "specify[ing] in what circumstances and by what amount

8

the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Id. § 994(u).

Congress has authorized the federal courts to grant sentence reductions based on the Commission's retroactive amendments through a narrow exception to the general rule that a court may not modify a defendant's sentence "once it has been imposed." See 18 U.S.C. § 3582(c). Pursuant thereto,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id. § 3582(c)(2).

As the Supreme Court recognized in 2010, the "policy statement governing § 3582(c)(2) proceedings" is set forth in Guidelines section 1B1.10. See Dillon v. United States, 560 U.S. 817, 819 (2010). Section 1B1.10 lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding. See USSG § 1B1.10(d). Pertinent here, a sentence reduction is not authorized unless one of those amendments has "the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). To determine whether a particular amendment

9

has that effect, the sentencing court must "substitute only the amendments" rendered retroactive by the Commission and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). When assessing a § 3582(c)(2) motion, the court must "use the version of [the] policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment." See id. § 1B1.10 cmt. n.8.

In Dillon, the Supreme Court reinforced § 3582(c)(2)'s emphasis on the Commission's policy statements, and it spelled out a two-step inquiry for the review of sentence-reduction motions. See 560 U.S. at 827. At the first step, the sentencing court must review "the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. (emphasis added). If the court determines that the prisoner is eligible for a sentence reduction, the court moves to the second step and determines the extent of the reduction. Id.

2.

The Commission possesses the authority to dictate the proper application of the Guidelines through the promulgation of Guidelines amendments. As the Supreme Court has recognized, "Congress necessarily contemplated that the Commission would periodically review the work of the courts, and would make whatever clarifying revisions to the Guidelines conflicting

10

judicial decisions might suggest." Braxton v. United States, 500 U.S. 344, 348 (1991). The Court applied that principle in its Braxton opinion by declining to resolve the circuit split on which it had granted certiorari, because the Commission was poised to "eliminate [the] circuit conflict." See id. at 348-49. By deferring to the Commission's anticipated resolution of a circuit split regarding an interpretation of the Guidelines, the Court implicitly recognized the Commission's power to abrogate precedent in the courts of appeals.

We have similarly recognized the Commission's power to override our precedent through amendments to the Guidelines. See, e.g., United States v. Capers, 61 F.3d 1100, 1112-13 (4th Cir. 1995) (recognizing that amendment to Guidelines commentary required "us to scrap our earlier interpretation of that guideline"); United States v. Turner, 59 F.3d 481, 488 (4th Cir. 1995) (explaining that the "Commission has the authority to review the work of the courts and revise the Guidelines by adopting an interpretation of a particular guideline in conflict with prior judicial constructions of that guideline"). We are not alone among the courts of appeals in yielding to the Commission's authority to promulgate amendments to the Guidelines that effectively vacate circuit precedent. See, e.g., United States v. Vasquez-Cruz, 692 F.3d 1001, 1006 (9th Cir. 2012) ("Of course, a change in the language of an

11

applicable Guidelines provision, including a change in application notes or commentary, supersedes prior decisions applying earlier versions of that provision, just as we would be bound to apply the updated version of an agency rule or regulation."); United States v. Marmolejos, 140 F.3d 488, 493 n.7 (3d Cir. 1998) ("[B]ecause of the Sentencing Commission's broad power to interpret the Guidelines, clarifying amendments should be considered by the sentencing court despite any conflict with established precedent, unless ex post facto concerns are present."); United States v. Prezioso, 989 F.2d 52, 54 & n.1 (1st Cir. 1993) (recognizing applicability of amendment to commentary despite contrary circuit precedent).

Writing for this Court in United States v. Goines, our then Chief Judge recognized in 2004 the Commission's power to impact precedent in the various circuits, explaining that "Congress anticipated that the Commission would use the amendment process to resolve disagreements among courts of appeals." See 357 F.3d 469, 474 (4th Cir. 2004). When the circuits have split on the application of a Guidelines provision, the Commission typically resolves such a disagreement by promulgating a "clarifying amendment," which does not alter "the legal effect of the guidelines, but merely clarifies what the Commission deems the guidelines to have already meant." Id. As Goines explained, if a clarifying amendment "conflicts with our precedent," we

12

recognize that it has "the effect of changing the law in this circuit." Id.

Consistent with the foregoing, our precedent in the sentence-reduction context must give way if it conflicts with the Commission's amendments. As the Goines decision emphasized,

> Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. The amendment and retroactivity powers operate in tandem: The Commission decides how to modify the guidelines and also decides how such modifications should be implemented. This is appropriate, as the Commission has both the authority and the obligation to enact policies designed to achieve the underlying purposes of the Sentencing Reform Act.

357 F.3d at 476 (internal quotation marks omitted). Chief Judge Wilkins also explained that the Commission can utilize that "unusual explicit power" to abrogate decisions concerning the Guidelines that risk producing "wildly disparate sentences." Id.

### B.

Having identified the legal framework for sentence reductions under § 3582(c)(2) and the Commission's authority to dictate the availability of such relief, we now turn to our decision in United States v. Hood, on which the district court relied. See 556 F.3d 226 (4th Cir. 2009). We then discuss the Commission's promulgation of Amendment 780, which, according to

13

the United States Attorney and Williams, undermines the court's reliance on Hood.

1.

Decided in 2009, Hood involved the issue of whether a defendant who received a substantial-assistance departure from an above-Guidelines-range mandatory minimum sentence was eligible for a sentence reduction under § 3582(c)(2). See 556 F.3d at 228. Consistent with the Guidelines then in effect, we ruled that Hood was ineligible for such relief. See id. at 233.

In 2001, Hood pleaded guilty to conspiracy to possess with intent to distribute cocaine and cocaine base, in contravention of 21 U.S.C. § 846. See Hood, 556 F.3d at 228. After calculating Hood's Guidelines range as 188 to 235 months, the district court acknowledged that Hood's prior felony drug conviction triggered a 240-month mandatory minimum sentence. See id. at 228-29. Accordingly, by applying Guidelines section 5G1.1(b), the court identified 240 months as Hood's Guidelines sentence. On the basis of a § 3553(e) motion, however, the court departed downward and imposed a sentence of 100 months. See id. at 229.

In 2008, Hood filed a § 3582(c)(2) motion seeking a sentence reduction pursuant to Guidelines Amendment 706, which had lowered the offense level applicable to his underlying drug offense. See Hood, 556 F.3d at 230. The sentencing court

14

denied Hood's motion, and we affirmed. Id. In our Hood decision, we explained that, because Amendment 706 had no impact on either the statutory mandatory minimum or the substantial-assistance departure, it did "not have the effect of lowering the defendant's applicable guidelines range." Id. at 232 (quoting USSG § 1B1.10(a)(2)(B)). Instead, Hood's sentence was "based on a statutory minimum and USSG § 5G1.1(b)," both of which remained in place after Amendment 706. Id. at 233. Moreover, the sentence resulted from a § 3553(e) departure predicated on Hood's substantial assistance to the authorities and guided by the factors outlined in Guidelines section 5K1.1. Id. at 233-34. Because Amendment 706 did not impact any of those provisions, it could not provide relief for Hood under § 3582(c)(2). Id. at 234.

Several of the other courts of appeals adhered to the approach enunciated in Hood and denied sentence reductions to prisoners who had been sentenced below statutory mandatory minimums as a result of substantial-assistance motions. See, e.g., United States v. Moore, 734 F.3d 836 (8th Cir. 2013); United States v. Joiner, 727 F.3d 601 (6th Cir. 2013); United States v. Glover, 686 F.3d 1203 (11th Cir. 2012); United States v. Carter, 595 F.3d 575 (5th Cir. 2010); United States v. Williams, 551 F.3d 182 (2d Cir. 2009). The Third and D.C. Circuits, in contrast, ruled that such prisoners could be

15

eligible for relief under § 3582(c)(2).  See In re Sealed Case, 722 F.3d 361 (D.C. Cir. 2013); United States v. Savani, 733 F.3d 56 (3d Cir. 2013).

2.

In recognition of the foregoing circuit split, the Commission promulgated Guidelines Amendment 780 in 2014 to clarify "when, if at all, § 1B1.10 provides that a statutory minimum continues to limit the amount by which a defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2) when the defendant's original sentence was below the statutory minimum." USSG app. C, amend. 780 (Supp. 2014).  The Commission embraced the apparent minority view, explaining that its Amendment 780 "generally adopts the approach of the Third Circuit in Savani and the District of Columbia Circuit in In re Sealed Case."  Id.

To that end, Amendment 780 revised Guidelines section 1B1.10, the policy statement that dictates eligibility for § 3582(c)(2) relief.  Amendment 780 moved the list of retroactive amendments from subsection (c) to subsection (d) and inserted the following in subsection (c):

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count

16

of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

USSG § 1B1.10(c). In justifying the foregoing mandate, the Commission recognized the value to our system of justice of those cooperating defendants who provide substantial assistance to the authorities. According to the Commission, such cooperating defendants should be rewarded because they

> are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing.

USSG app. C, amend. 780 (Supp. 2014).

## C.

This appeal requires us to assess the impact of Amendment 780 on our decision in Hood. The amicus counsel contends that the district court correctly recognized the viability of Hood as our circuit precedent and thus properly denied Williams's § 3582(c)(2) motion. The United States Attorney, on the other hand, agrees with Williams and maintains that the court erred by failing to recognize that Amendment 780 altered the course we followed in Hood. As explained below, we agree with the United States Attorney and Williams.

17

1.

In this circuit, we are bound by "the basic principle that one panel cannot overrule a decision issued by another panel." McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc). When panel opinions conflict, we are obliged to apply the "earliest-case-governs" rule and adhere to "the earlier of the conflicting opinions." Id. at 333. At the same time, "[a] decision by a panel of this court, or by the court sitting en banc, does not bind subsequent panels if the decision rests on authority that subsequently proves untenable." U.S. Dep't of Health & Human Servs. v. Fed. Labor Relations Auth., 983 F.2d 578, 581-82 (4th Cir. 1992). Moreover, the Commission has the authority to "chang[e] the law in this circuit" regarding § 3582(c)(2) eligibility. See Goines, 357 F.3d at 474.

The district court, in deeming Williams ineligible for relief, applied our Hood decision. It failed to recognize, however, that Amendment 780's revision to Guidelines section 1B1.10 had modified the process for determining § 3582(c)(2) eligibility. Although the Commission did not mention Hood in its "Reason for Amendment" accompanying Amendment 780, the Hood decision was consistent with the rulings made in two of the three appellate decisions that the Commission specifically disapproved. See USSG app. C, amend. 780 (Supp. 2014); see also United States v. Joiner, 727 F.3d 601, 609 (6th Cir. 2013)

18

(affirming denial of § 3582(c)(2) motion where defendant's sentence was based on statutory mandatory minimum sentence not lowered by subsequent Guidelines amendment); United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012) (same). Moreover, the Commission explained that Amendment 780 "generally adopts" the D.C. Circuit's approach in 2013 in In re Sealed Case, which had expressly rejected Hood. See USSG app. C, amend. 780 (Supp. 2014); see also In re Sealed Case, 722 F.3d at 368-69.

Amendment 780 explicitly provides that a defendant in Williams's situation is eligible for a § 3582(c)(2) sentence reduction. The applicable policy statement now requires a sentencing court to remove Guidelines section 5G1.1 from the § 3582(c)(2) eligibility determination. Compare Hood, 556 F.3d at 234-35 (denying § 3582(c)(2) relief because the impact of "§ 5G1.1(b) . . . was never removed from operation"), with USSG app. C, amend. 780 (Supp. 2014) (requiring sentencing court to determine § 3582(c)(2) eligibility "without regard to the operation of § 5G1.1"). Because Amendment 780 clarifies the applicability of § 3582(c)(2) relief in this case and "conflicts with our precedent," we must recognize, pursuant to Goines, its "effect of changing the law in this circuit." See 357 F.3d at 474.

Hood's logic, which was predicated on the pre-Amendment 780 Guidelines, is simply inapplicable here. Consistent with the

19

Commission's power to determine "how to modify the guidelines" and "how such modifications should be implemented," Goines, 357 F.3d at 476, the revised Guidelines section 1B1.10(c) mandates a different result. And, in any event, we are bound by the "earliest-case-governs" rule. Pursuant thereto, we must adhere to our pre-Hood decisions — for example, Turner, Capers, and Goines — and recognize the Commission's authority to dictate the proper application of the Guidelines. See McMellon, 387 F.3d at 333.

2.

Our approval of the position espoused by the United States Attorney and Williams is also consistent with the Sentencing Reform Act's focus on "the elimination of unwarranted sentencing disparity." See Goines, 357 F.3d at 475-76. A contrary ruling would permit cooperating defendants with Guidelines ranges above their statutory minimums — perhaps due to extensive criminal histories or severe offense conduct — to nevertheless secure sentencing relief under § 3582(c)(2). On the other hand, cooperating defendants such as Williams, whose Guidelines ranges are entirely below their statutory minimums, would be denied relief. Such a disparity should not occur within the category of defendants who should benefit from Amendment 780: those "who provide substantial assistance to the government in the investigation and prosecution of others." See USSG app. C,

20

amend. 780 (Supp. 2014). Moreover, Amendment 780 makes no distinction among such defendants, and we lack the authority to create one. See United States v. Maroquin-Bran, 587 F.3d 214, 217 (4th Cir. 2009) (recognizing that "rewriting [the Guidelines] is beyond our purview as a court and remains the domain of either the Sentencing Commission or the Congress").

Finally, our ruling today furthers "the expressed Congressional policy of rewarding cooperation" with the authorities. See United States v. Wade, 936 F.2d 169, 171 (4th Cir. 1991). Our criminal justice system advances that policy by, inter alia, affording prosecutors the discretion and authority to file § 3553(e) motions, which moderate "the rigorous inflexibility of mandatory sentences where the offender has rendered substantial assistance to the Government." United States v. Daiagi, 892 F.2d 31, 32 (4th Cir. 1989). The prospect of securing substantial-assistance motions from the prosecutors encourages defendants to aid in investigations and prosecutions of their coconspirators and criminal cohorts. That inducement is a powerful tool for more effective law enforcement, and placing restrictions on sentence-reduction eligibility for cooperating defendants such as Williams would weaken that tool.

D.

In these circumstances, we reject the contention of the amicus counsel that the Hood decision is controlling. We

21

therefore turn to the issue of Williams's eligibility for a sentence reduction under the policy statement in Guidelines section 1B1.10. As explained below, Williams is eligible for such a reduction.

Section 3582(c)(2) requires a sentencing court to adhere to the Commission's policy statement in Guidelines section 1B1.10 when assessing a motion for a sentence reduction. See Dillon, 560 U.S. at 827 (requiring the sentencing court to assess Guidelines section 1B1.10 "to determine the prisoner's eligibility for a sentence reduction"); United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding"). Because Amendment 780 went into effect prior to the district court's resolution of Williams's § 3582(c)(2) motion, the court was required to assess the motion in light of the now applicable policy statement in Guidelines section 1B1.10(c). See USSG § 1B1.10 cmt. n.8 (requiring court to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)").

In determining whether a retroactive Guidelines amendment has the effect of lowering a defendant's advisory Guidelines range, the court must import the amendment as it appears in the

22

most recent edition of the Guidelines into the original sentencing calculations, substituting only the retroactive provisions and leaving "all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). If the new Guidelines calculation results in a lower advisory range, the prisoner is eligible for a sentence reduction.

The proper application of the policy statement in Guidelines section 1B1.10 shows that Williams is eligible for relief. Since Williams's original sentencing in 2008, the Commission has promulgated two retroactively effective Guidelines amendments that lowered the base offense levels for cocaine base offenses: Amendments 750 and 782. See USSG app. C, amend. 782 (Supp. 2014); id. app. C, amend. 750 (2011). As the district court recognized, Amendments 750 and 782 would reduce Williams's original total offense level from 27 to 21, and his advisory Guidelines range would now be 77 to 96 months. See Opinion 4-5. Although Guidelines section 5G1.1(b) would otherwise turn the 240-month mandatory minimum into Williams's revised "guideline sentence," the revisions made to Guidelines section 1B1.10 by Amendment 780 bar the sentencing court from calculating his amended range in that manner. Accordingly, because Williams's revised Guidelines range is lower than his original range, he is eligible for a sentence reduction under § 3582(c)(2).

The fact that Williams is eligible for a sentence reduction under § 3582(c)(2) does not dictate the propriety or amount of any such reduction.  See United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).  That decision is for the sentencing court, after "consider[ing] the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(2); see Dillon, 560 U.S. at 827 (recognizing sentencing court's discretion to decide whether sentence reduction is warranted).

IV.

Pursuant to the foregoing, we vacate the judgment of the district court and remand for such other and further proceedings as may be appropriate.

VACATED AND REMANDED

TRAXLER, Chief Judge, dissenting:

Williams's sentence was based on a statutory mandatory minimum. Congress has not lowered it, and the Sentencing Commission has no power to lower it. Accordingly, I would affirm.

## I.

District courts "are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." Freeman v. United States, 131 S. Ct. 2685, 2690 (2011) (internal quotation marks omitted). This "rule of finality is subject to a few narrow exceptions" prescribed by Congress in 18 U.S.C. § 3582(c). Id. One of these exceptions applies when a defendant's applicable sentencing range is lowered after the sentencing court has already imposed a prison term:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Based on his criminal history and the characteristics of his crack-distribution offense, Williams's original advisory sentencing range was 130-162 months. But, because of a prior felony drug offense, Williams was subject to a mandatory minimum

25

sentence fixed by Congress of 240 months. See 21 U.S.C. § 841(b)(1)(A). When a crime carries a mandatory minimum sentence, a district court must impose at least the mandatory minimum unless a statutory exception—such as a downward departure for substantial assistance under § 3553(e)—applies. See United States v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993) ("When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute."). "Only Congress could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the limited purpose stated there—'to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.'" United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009) (quoting 18 U.S.C. § 3553(e)). The district court when sentencing Williams determined that a statutory minimum term of 240 months applied but then departed downward to 180 months under § 3553(e) to reflect Williams's substantial assistance to the government. Since the applicable mandatory minimum sentence was greater than the high end of Williams's advisory sentencing range, the district court was required to impose the mandatory minimum sentence without regard to the advisory sentencing range. In essence, the advisory sentencing range "became irrelevant." Id. Accordingly, Williams's 180-month term of imprisonment could not

26

have been "based on a sentencing range that [was] subsequently . . . lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) (emphasis added), because it was not based on a sentencing range in the first instance.

Likewise, Williams's advisory sentencing range played no part in the calculation of the downward departure for substantial assistance. First, "§ 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence." United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). Thus, the baseline for that departure is the statutory minimum—not the otherwise applicable sentencing range. See id. (concluding a downward departure motion under § 3553(e) does not "restore[] the otherwise applicable guideline range that would have applied absent the mandatory minimum sentence"). The fact that the Commission lowered the advisory sentencing range has no bearing on the factors relevant to the substantial assistance given by Williams. See United States v. Spinks, 770 F.3d 285, 287 (4th Cir. 2014) ("[O]ur precedent on this point is clear: the extent of a § 3553(e) departure below a mandatory minimum must be based solely on a defendant's substantial assistance and factors related to that assistance.").

In sum, Williams's sentence was based on the applicable mandatory minimum fixed by 21 U.S.C. § 841(b)(1)(A), and the downward departure he received under 18 U.S.C. § 3553(e) was

27

based on the substantial assistance he gave the government. Since only Congress, not the Sentencing Commission, can change either of these factors, I must conclude that Williams's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), and that he is therefore not eligible for a sentence reduction under that section.

## II.

This court's decision in United States v. Hood is on all fours with this case and, in my view, is still good law. In Hood, the defendant pled guilty to a crack drug offense that yielded a sentencing range of 188 to 235 months, but he was subject to a 240-month mandatory minimum as a result of a prior felony drug conviction. The district court imposed the 240-month sentence but departed downward to 100 months pursuant to § 3553(e) for Hood's substantial assistance to the government. The Sentencing Commission subsequently reduced the base offense level applicable to crack offenses, and Hood sought a reduction on that basis pursuant to § 3582(c). We held that the defendant's sentence "was not 'based on' the sentencing range for crack cocaine offenses that was lowered by Amendment 706." Hood, 556 F.3d at 236. Rather, we concluded that Hood's sentence "was based on a statutory minimum fixed by 21 U.S.C. § 841(b)(1)(A), and it was reduced to an appropriate sentence

28

authorized under § 3553(e) for his substantial assistance." Id. at 236-37. Hood explained that because "the Sentencing Commission has no authority to lower a statutory mandatory minimum," Amendment 706 "did not have the effect of lowering Hood's Guidelines Range." Id. at 233. Nor, the court reasoned, did Hood's sentencing range play any role in the court's substantial assistance downward departure. See id. ("Only Congress could authorize a departure from the statutorily mandated minimum sentence . . . .").

Hood, in my view, remains good law despite the apparent conflict with Sentencing Guidelines Amendment 780, which the Sentencing Commission added to address "Cases Involving Mandatory Minimum Sentences and Substantial Assistance." It states:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . .

U.S.S.G. § 1B1.10(c) (emphasis added). Section 5G1.1(b) recognizes that a mandatory minimum sentence fixed by Congress trumps an advisory sentencing range determined pursuant to application of the Sentencing Guidelines: "Where a statutorily required minimum sentence is greater than the maximum of the

29

applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

The parties contend that Amendment 780 eviscerated Hood's prohibition against a sentence reduction under § 3582(c) where the original sentence was "based on a statutory minimum and U.S.S.G. § 5G1.1(b)." 556 F.3d at 233 (emphasis added). Amendment 780 directs the sentencing court to determine the amended sentencing range in these circumstances "without regard to the operation of § 5G1.1." U.S.S.G. § 1B1.10(c). Since Hood referred to § 5G1.1(b) in explaining that the sentence in question was "based on a statutory minimum and U.S.S.G. § 5G1.1(b)," and § 5G1.1 can now be disregarded under Amendment 780 for purposes of determining whether a defendant is eligible for a sentence reduction under § 3582(c)(2), the contention is that Hood no longer controls cases such as the one before the court.

Hood, however, did not turn on the operation of U.S.S.G. § 5G1.1. Rather, Hood's holding clearly rested on the court's conclusion that Hood's 100-month sentence was based "on the mandated statutory minimum sentence required by [21 U.S.C.] § 841(b)(1)(A) from which the district court departed as authorized by § 3553(e), employing the factors identified in U.S.S.G. § 5K1.1." Hood, 556 F.3d at 235-36. Indeed, Hood's sentence would have been the same with or without § 5G1.1--21

30

U.S.C. § 841(b)(1)(A) required the imposition of the mandatory minimum sentence and 18 U.S.C. § 3553(e) allowed the imposition of a sentence below the statutory minimum only based on substantial assistance factors. Section 3582(c) provides that a defendant's sentence may be reduced if the sentence he received was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Hood interpreted that statutory language and held that a statutorily mandated minimum sentence is not a sentence that is based on a sentencing range. While the Sentencing Commission has the authority to overrule circuit precedent interpreting Guidelines provisions, it cannot overrule circuit precedent interpreting a statutory provision. Hood's interpretation of the statutory phrase "based on" thus remains controlling.

Accordingly, I must conclude that Williams's sentence was not "based on a sentencing range that has been subsequently lowered by the Sentencing Commission," § 3582(c)(2), and that he is therefore not eligible for a sentence reduction under that section. I respectfully dissent.