**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6717**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

MARTHA ANN TURNER,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Glen E. Conrad, Chief
District Judge.  (5:04-cr-30018-GEC-8)

Submitted:  November 29, 2016      Decided:  December 20, 2016

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Lisa Marie Lorish,
Assistant Federal Public Defender, Charlottesville, Virginia, for
Appellant.  John P. Fishwick, Jr., United States Attorney, Donald
R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martha Ann Turner appeals the district court's order denying relief on her 18 U.S.C. § 3582(c)(2) (2012) motion under Amendment 782 of the U.S. Sentencing Guidelines, which reduced the Guidelines range for various drug offenses. We affirm.

We review de novo a district court's ruling as to the scope of its legal authority under § 3582(c)(2). United States v. Williams, 808 F.3d 253, 256 (4th Cir. 2015). Under U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), p.s. (2015), a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined [through application of the Sentencing Amendment]." In addition, a reduction in a defendant's term of imprisonment is not authorized under § 3582(c)(2) if an amendment listed in the Guidelines "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." Id. cmt. n.1(A).

Turner contends that her sentence was based on the drug quantity table and not on her career offender designation, and therefore she is eligible for a sentence reduction. We conclude, however, that Turner's argument is directly foreclosed by comment 1(A) of USSG § 1B1.10. Amendment 782 to the Guidelines lowered

2

the offense levels applicable to drug offenses by two levels and is retroactively applicable. See USSG § 1B1.10(d), p.s.; USSG app. C., amend. 782. Thus, Amendment 782 would ordinarily apply to Turner's sentence. However, Turner was also determined to be a career offender, and her status as a career offender was not affected by Amendment 782. Because Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision," USSG § 1B1.10, p.s., cmt. n.1(A), the district court did not err in ruling it could not reduce Turner's sentence.

Turner next contends that applying the career offender offense level violates her due process rights because she had no incentive to object to her characterization as a career offender at sentencing. This claim lacks merit. Turner received a sentencing hearing where she could have objected to her career offender designation and thus was accorded due process. See Snider Int'l Corp. v. Town of Forest Heights, Md., 739 F.3d 140, 146 (4th Cir. 2014) (procedural due process "requires fair notice of impending state action and an opportunity to be heard").

Finally, Turner contends that under United States v. Williams, 808 F.3d 253 (4th Cir. 2015), the district court had authority to reduce her sentence. We conclude, however, that Williams is inapposite. Turner's situation does not involve application of a mandatory minimum sentence, and consequently,

3

Amendment 780, which is central to our decision in <u>Williams</u>, does not apply.  Thus, we conclude that the district court did not err in ruling that it could not grant Turner a sentence reduction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4