**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 16-7311**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

KERRY DONNELL LEE, JR., a/k/a Skinny,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:08-cr-00024-JPJ-7)

—————————

Submitted: February 27, 2017        Decided: March 7, 2017

—————————

Before NIEMEYER and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Kerry Donnell Lee, Jr., Appellant Pro Se. Jennifer R. Bockhorst, Zachary T. Lee, Assistant United States Attorneys, Mary Kathleen Carnell, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kerry Donnell Lee, Jr., appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a reduction of his sentence. Lee sought relief under Amendment 750 and Amendment 782 (collectively "the Amendments") of the U.S. Sentencing Guidelines Manual ("USSG"), both of which lowered the base offense levels for drug offenses involving cocaine base. See USSG § 2D1.1(c) (2015); USSG app. C, amends. 750, 782. The district court concluded that Lee was not entitled to the benefit of the Amendments because he was sentenced as a career offender. Our review of the record reveals that, although Lee qualified as a career offender, see USSG § 4B1.1 (2007), he was not sentenced as a career offender. Nevertheless, for the reasons that follow, we conclude that the Amendments would not have the effect of lowering Lee's Guidelines sentencing range. We accordingly affirm. See United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005) (holding that we "may affirm on any grounds apparent from the record").

Under § 3582(c)(2), the district court may reduce the sentence of a defendant who "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (internal quotation marks omitted). To determine whether a particular amendment has

2

the effect of lowering a defendant's applicable Guidelines sentencing range, "the sentencing court must substitute only the amendments rendered retroactive by the Commission and leave all other guideline application decisions unaffected." Id. (internal quotation marks omitted). "Guidelines Amendments 750 and 782 lowered the base offense levels assigned to different amounts of cocaine base," and both amendments are retroactive. United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016). "Amendment 750 increased the minimum quantity of cocaine base necessary to trigger the maximum base offense level [of 38] from 4.5 to 8.4 kilograms." Id. "Amendment 782 again raised the requisite amount of cocaine base from 8.4 to 25.2 kilograms." Id. Thus, "[f]or defendants responsible for at least 25.2 kilograms of cocaine base, Amendment 782 has no effect; the maximum base offense level (38 levels) still applies." Id.

Lee was held responsible for 51.35 kilograms of cocaine base; thus, neither Amendment 750 nor Amendment 782 has any effect on his base offense level. Simply stated, Lee's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). Had Lee been sentenced after the Amendments went into effect, his base offense level would remain 38, the career offender enhancement would not apply, and his Guidelines sentencing range would remain the same. Therefore, neither

3

Amendment 750 nor Amendment 782 has the effect of lowering Lee's Guidelines sentencing range, and Lee is not entitled to a sentence reduction.

Because Lee is ineligible for a sentence reduction under § 3582(c)(2), we affirm the district court's denial of relief on this alternate ground. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4