**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

### No. 16-6713

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

UNDER SEAL,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, District Judge. (1:12-cr-00056-JKB-1; 1:14-cv-02986-JKB)

Submitted: April 20, 2017                      Decided: May 4, 2017

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Under Seal, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion and other motions challenging the validity of his conviction and sentence. To the extent Appellant seeks to appeal the denial of relief on his § 2255 motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Appellant has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal as to the denial of § 2255 relief.

Appellant also appeals the denial of his motion under Fed. R. Crim. P. 33 seeking a new trial, motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) (2012). We have reviewed the record and conclude that the district court properly denied relief. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding guilty plea waives all

2

antecedent nonjurisdictional defects); *United States v. Spaulding*, 802 F.3d 1110, 1125 n.20 (10th Cir. 2015) ("The provisions of Rule 33 do not apply to convictions obtained by guilty plea."), *cert. denied*, 136 S. Ct. 1206 (2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) ("[A] sentence reduction is not authorized unless [a retroactive amendment to the Sentencing Guidelines] has the effect of lowering the defendant's applicable guideline range." (internal quotation marks omitted)). Accordingly, we affirm the district court's denial of these motions. In light of this disposition, we deny leave to proceed in forma pauperis and deny Appellant's motions for appointment of counsel, for preparation of a transcript at government expense, to compel the government to file a responsive brief, to remand his case, and for leave to file future supplemental materials. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*

3