**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6957**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABEDERRAHMANE ABOULHORMA, a/k/a Tarik Khouaja,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:13-cr-00194-GBL-3)

Submitted:  November 28, 2017                    Decided:  December 7, 2017

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Abederrahmane Aboulhorma, Appellant Pro Se. Lawrence Joseph Leiser, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abederrahmane Aboulhorma appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines. Finding no error, we affirm.

A district court may reduce the term of imprisonment of "a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." § 3582(c)(2). The court may not reduce a defendant's sentence under § 3582(c)(2) unless an applicable amendment has "the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). "To determine whether a particular amendment has that effect, the sentencing court must substitute only the amendments rendered retroactive by the Commission and leave all other guideline application decisions unaffected. *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (internal quotation marks omitted).

The district court found that Amendment 782 did not reduce Aboulhorma's applicable Guidelines range due to the quantity of drugs involved in Aboulhorma's drug trafficking conspiracy offense. Aboulhorma challenges that finding. We review the district court's factual findings for clear error. *United States v. Turner*, 59 F.3d 481, 484 (4th Cir. 1995). After reviewing the record, we conclude that the district court did not clearly err in determining Aboulhorma's drug quantity for sentencing purposes. Aboulhorma does not contest the legal conclusion that, given the district court's finding as to drug quantity, he is not eligible for a sentence reduction under Amendment 782.

Accordingly, we affirm the district court's order denying Aboulhorma's § 3582(c)(2) motion, and deny his motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*