**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4731**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TONY DESHAWN MCCOY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:17-cr-00240-MOC-DSC-1)

Submitted: June 27, 2019                    Decided: July 12, 2019

Before WILKINSON, NIEMEYER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Deshawn McCoy pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, McCoy challenges the district court's order denying his motion to suppress. Finding no error, we affirm.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo." *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) (internal quotation marks omitted). "[W]e must construe the evidence in the light most favorable to the prevailing party and give due weight to inferences drawn from those facts by resident judges and law enforcement officers." *Id.* at 114-15 (internal quotation marks omitted). Moreover, "we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (brackets and internal quotation marks omitted).

Under the Fourth Amendment, "[t]o justify a pat down of the driver or a passenger during a traffic stop . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). The reasonable suspicion standard requires an objective inquiry into "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *United States v. George*, 732 F.3d 296, 299 (4th Cir. 2013) (internal quotation marks omitted). We measure reasonable suspicion against the totality of the circumstances and "will not find reasonable suspicion lacking based

2

merely on a piecemeal refutation of each individual fact and inference." *Id.* at 299-300

(internal quotation marks omitted).

> [I]n connection with a lawful traffic stop of an automobile, when the officer has a reasonable suspicion that illegal drugs are in the vehicle, the officer may, in the absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others.

*United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). In *Sakyi*, we recognized that

"[t]he indisputable nexus between drugs and guns presumptively creates a reasonable

suspicion of danger to the officer." *Id.*

McCoy argues that there were several facts present that demonstrated he was not

dangerous—he had a valid driver's license, there was no evidence that the traffic stop

occurred in a high-crime area, the officer left him in the car while running the

background check after smelling the marijuana, he was cooperative, and the officer

handcuffed him while conducting the pat down for the marijuana. However, construing

the evidence in the light most favorable to the government as the prevailing party below,

we conclude that these facts do not overcome the presumption of danger. We have

emphasized that reasonable suspicion exists to frisk when an "officer reasonably

suspect[s] that the person is armed and therefore dangerous." *United States v. Robinson*,

846 F.3d 694, 700 (4th Cir. 2017) (en banc) (emphasis omitted). The facts identified by

McCoy do not negate the core logic behind *Sakyi*—that a person carrying controlled

substances is likely armed. 160 F.3d at 169. Moreover, the facts cited by McCoy do not

necessarily lead to the conclusion that he was not a threat to the officers' safety. *See*

*United States v. Shakir*, 616 F.3d 315, 321 (3d Cir. 2010) (recognizing handcuffs do not

3

guarantee suspect is unable to reach for weapon); *Sakyi*, 160 F.3d at 170 (noting defendant's "*conduct* was not suspicious" when officer conducted frisk).

McCoy also asks us to overrule *Sakyi*, primarily on the grounds that a majority of states have legalized some form of marijuana use and that some courts have rejected *Sakyi*.* However, "one panel cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted). Moreover, we rejected a similar argument in *Robinson*, based on the state's legalization of firearm possession. 846 F.3d at 696 ("The danger justifying a protective frisk arises from the combination of a forced police encounter and the presence of a weapon, not from any illegality of the weapon's possession.").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* McCoy also challenges the initial stop of his vehicle, claiming that the officers' pretextual stop violated the Fourth Amendment. However, McCoy concedes that this argument is foreclosed by the Supreme Court's decision in *Whren v. United States*, 517 U.S. 806, 813 (1996) (holding that, upon observing traffic violation, officer may stop vehicle regardless of his subjective motivations, "as long as the circumstances, viewed objectively, justify that action" (internal quotation marks omitted)). We are bound to follow Supreme Court precedent. *Stop Reckless Econ. Instability Caused by Democrats v. Fed. Election Comm'n*, 814 F.3d 221, 230-31 (4th Cir. 2016).

4