**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4171**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

NATHANIEL LOUIS DANIELS,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00212-FL-1)

Submitted: March 31, 2022                        Decided: April 18, 2022

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan Dubois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Louis Daniels pled guilty, without the benefit of a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924. On appeal, Daniels contends that the district court erred in sentencing him as an armed career criminal because he did not commit his three prior offenses on different occasions. We affirm the district court's judgment.

We review de novo the district court's legal determinations regarding the applicability of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *United States v. Thompson*, 421 F.3d 278, 280-81 (4th Cir. 2005). Under the ACCA, a defendant is subject to a mandatory minimum 15-year term of imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We have defined occasions as "those predicate offenses that can be isolated with a beginning and an end—ones that constitute an occurrence unto themselves." *Thompson*, 421 F.3d at 285 (internal quotation marks omitted). We have identified several factors for district courts to consider in determining if offenses were committed on different occasions: "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." *United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995) (footnotes omitted).

Daniels concedes that the district court was bound by this precedent. However, he suggests that the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063

2

(2022), may abrogate this Court's prior precedent.[*]  However, *Wooden* is consistent with *Letterlough* and *Thompson*.  The Court identified several factors relevant in considering whether offenses were committed on the same occasion:

> Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events.  Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event.  And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

*Wooden*, 142 S. Ct. at 1071.  The Court noted that courts of appeals "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance."  *Id.* (internal quotation marks omitted).

Daniels committed his three prior offenses days apart—April 15, April 20, and May 8.  Thus, we have no reason to doubt that they occurred on three separate occasions. While Daniels also argues that a jury should have found these facts, as opposed to the district court, he again concedes that this argument is foreclosed by this court's precedent. *See Thompson*, 421 F.3d at 283, 285.  The Court declined to address this issue in *Wooden*. 142 S. Ct. at 1068 n.3.  Thus, we are bound by *Thompson*.  *See United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015).

---

[*] Daniels filed his brief before the Supreme Court issued its decision in *Wooden*.

3

Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*