**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4218**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTIAN HERNANDEZ MORENO,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:17-cr-00202-WO-1)

─────────────

Submitted:  December 30, 2022                         Decided:  January 9, 2023

─────────────

Before AGEE, THACKER, and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Aaron B. Wellman, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH L.L.P., Greensboro, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Hernandez Moreno pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C §§ 922(g)(1), 942(a)(2). The district court sentenced Moreno to 96 months' imprisonment, and he now appeals. On appeal, Moreno argues that the court erred by denying his motion to suppress evidence seized following a pat-down search of Moreno, who was a passenger in a vehicle stopped on suspicion of drug activity.

While patrolling on foot in a high-crime area at night, officers stopped three occupants of a parked vehicle, one of whom was Moreno. The officer who approached the driver instructed another officer to remove Moreno from the passenger seat; that officer removed Moreno and frisked him, finding a handgun in Moreno's pocket. Moreno argues that the district court erred by finding that the initial stop and subsequent frisk of Moreno complied with the Fourth Amendment.

"When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," construing "the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). "Under well-established doctrine, a police officer may, consistent with the Fourth Amendment, conduct a brief investigatory stop—known as a '*Terry*[1] stop'—predicated on reasonable, articulable suspicion that 'criminal activity may be afoot.'" *United States v. Mitchell*, 963 F.3d 385, 390 (4th Cir. 2020) (quoting *Terry*, 392 U.S. at 30). The officer must have "at least a minimal level of

---

[1] *Terry v. Ohio*, 392 U.S. (1968).

2

objective justification," meaning that he "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted). Once the officer has conducted a valid *Terry* stop, if he or she has reasonable suspicion that the person stopped is armed and dangerous, the officer may conduct a protective frisk. *United States v. Robinson*, 846 F.3d 694, 698 (4th Cir. 2017); *United States v. Black*, 525 F.3d 359, 364 (4th Cir. 2008) ("[I]n connection with such a seizure or stop, if presented with a reasonable belief that the person may be armed and presently dangerous, an officer may conduct a protective frisk.").

Courts assess the legality of a *Terry* stop and frisk under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008). "[M]ultiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone, would be insufficient." *United States v. George*, 732 F.3d 296, 300 (4th Cir. 2013).

We have reviewed the record and conclude that the district court did not err in holding that the first officer had reasonable suspicion that Moreno and the other occupants of the vehicle were engaged in illegal drug activity. And because there is an "indisputable nexus between drugs and guns," the court also correctly concluded the officer had

3

reasonable suspicion that Moreno and the other occupants were armed and dangerous.  *See United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998).[2]  Moreover, the district court did not clearly err by finding that the officer instructed the second officer to frisk Moreno, and therefore the frisk was valid under the Fourth Amendment.  *See United States v. Massenburg*, 654 F.3d 480, 495 n.6 (4th Cir. 2011).

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Noting that most states have legalized some form of marijuana use, Moreno asks us to overrule *Sakyi*.  But "one panel [of this court] cannot overrule a decision issued by another panel."  *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).