**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4254**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

SANDY WADE PARSONS,

           Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:14-cr-00289-TDS-2)

Submitted: January 21, 2016       Decided: January 27, 2016

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandy Wade Parsons appeals his conviction and 96-month sentence for conspiracy to defraud the government in violation of 18 U.S.C. § 371 (2012); multiple counts of theft of government funds, in violation of 18 U.S.C. § 641 (2012), and mail fraud, in violation of 18 U.S.C. § 1341 (2012); false statements regarding food assistance, in violation of 18 U.S.C. § 1001(a)(2) (2012); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). He argues that his sentence is procedurally and substantively unreasonable, and also challenges the district court's refusal to allow counsel to define "reasonable doubt" in closing argument. We affirm.

We review a sentence for reasonableness "under a deferential abuse-of-discretion standard." United States v. McCoy, 804 F.3d 349, 351 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51.

Parsons claims that his sentence is procedurally unreasonable because the district court imposed a sentence based on unreliable testimony from a witness Parsons argues is not credible. We review the district court's factual findings at sentencing for clear error, and accord its credibility determinations great deference. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). The

2

district court heard testimony from the witness, Parsons' counsel cross-examined him, and other evidence supported his testimony. The district court fully explained its decision to credit the witness, and we defer to the court's credibility determination. Parsons fails to show that the witness' testimony did not have "some minimal level of reliability," as due process requires. See United States v. Powell, 650 F.3d 388, 393 (4th Cir. 2011).

Parsons next claims that his sentence is substantively unreasonable because the court relied on a description of conduct that refers "almost exclusively" to Casey Parsons, his wife and codefendant. While this court holds that a sentencing court must not give excessive weight to any one sentencing factor, United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014), the district court's sentence suffered from no such failing. The court, though citing the challenged factor, provided in addition a thorough and compelling explanation that relied on other sentencing factors and justifies the sentence imposed.

Parsons also argues that his sentence is substantively unreasonable because the court varied so greatly from the Sentencing Guidelines, and because his sentence is nearly the same as his more culpable codefendant. We conclude, however, that based on the totality of the circumstances, the district court did not abuse its discretion in varying substantially upward and that

3

Parsons' sentence is not disproportionate when compared with that of his codefendant.

Finally, Parsons urges us to reexamine our precedent prohibiting counsel from defining "reasonable doubt" to the jury during closing argument. We have consistently disapproved of such attempts to define "reasonable doubt" for a jury, concluding that the words "have the meaning generally understood for them and that further efforts to restate their meaning with different words tend either to alter or to obfuscate that meaning." United States v. Oriakhi, 57 F.3d 1290, 1300 (4th Cir. 1995). Because this panel has no authority to overturn this precedent, see United States v. Williams, 808 F.3d 253, 261 (4th Cir. 2015), this claim must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED