**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6173**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DWAYNE SMITH,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:12-cr-00171-RAJ-DEM-1)

_____

Submitted:  September 20, 2016      Decided:  November 1, 2016

_____

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Dwayne Smith, Appellant Pro Se.  Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Smith appeals district court's order denying relief on his 18 U.S.C. § 3582(c)(2) (2012) motion under Amendment 782 of the U.S. Sentencing Guidelines, which reduced the Guidelines range for various drug offenses. We vacate the district court's order and remand for further proceedings.

We review de novo a district court's ruling as to the scope of its legal authority under § 3582(c)(2). United States v. Williams, 808 F.3d 253, 256 (4th Cir. 2015). Under U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), p.s. (2015), a "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined [through application of the Sentencing Amendment]."

We conclude that the district court erred in holding that it did not have the discretion to reduce Smith's sentence below the statutory minimum. Our decision in United States v. Williams, 808 F.3d 256 (4th Cir. 2015), which abrogated United States v. Hood, 556 F.3d 226 (4th Cir. 2009), and which controls the outcome of this case, had been issued only a month before the district court's order. As stated in Williams, because this case implicates USSG § 1B1.10(c), p.s., the district court was required to consider Smith's new Guidelines range. Thus, the district court erred in ruling that it did not have the

2

authority to grant Smith a sentence reduction, and we remand to allow the district court to exercise its discretion on this issue.

Accordingly, we vacate the judgment of the district court and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>