**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

─────────────

**No. 17-4022**

─────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

VICTOR L. ANDERSON,

          Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:16-cr-00003-GMG-RWT-1)

─────────────

Submitted:  June 19, 2017                             Decided:  June 27, 2017

─────────────

Before KING, SHEDD, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John H. Tinney, Jr., HENDRICKSON & LONG, PLLC, Charleston, West Virginia, for Appellant.  Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor L. Anderson appeals his conviction and 24-month sentence imposed following his guilty plea to interstate stalking, in violation of 18 U.S.C.A. § 2261A(2) (West Supp. 2016). Anderson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court imposed a substantively unreasonable sentence. Anderson has filed a pro se supplemental brief raising numerous issues.[*] The Government has not filed a response. For the reasons that follow, we affirm.

Initially, both Anderson and his counsel challenge the reasonableness of Anderson's sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). We first must ensure that the district court committed no significant procedural error, such as improper calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, and insufficient explanation of the sentence imposed. *Gall v. United States*, 552 U.S. 38, 51 (2007).

If we find no significant procedural error, we also must consider the substantive reasonableness of the sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th

---

[*] Although we are cognizant of Anderson's challenge to the adequacy of counsel's brief, we conclude that counsel's brief is sufficient to satisfy the requirements of *Anders*. *See Penson v. Ohio*, 488 U.S. 75, 81-82 (1988); *United States v. Coleman*, 575 F.3d 316, 319-22 (3d Cir. 2009).

2

Cir. 2011). A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a). We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Anderson bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We discern neither procedural nor substantive unreasonableness in Anderson's sentence. The district court accurately calculated Anderson's Guidelines range, considered the parties' arguments and Anderson's allocution, and provided an individualized explanation for the sentence it imposed, grounded in the § 3553(a) factors. The court also made adequate findings to support its decision to impose a fine. *See* 18 U.S.C. § 3572(a) (2012); *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995).

Anderson asserts in his pro se brief that certain information regarding his mental health diagnoses and pretrial counseling was omitted from the presentence report. To the contrary, the presentence report addressed Anderson's counseling and diagnoses, and the district court considered those facts during sentencing. To the extent the presentence report did not contain certain information Anderson identifies, the record neither supports the additional information he proffers nor provides a basis to find prejudice from any such omission.

Anderson's counsel questions whether Anderson's sentence of imprisonment and fine is substantively unreasonable, citing various mitigating factors. But the district court considered those factors in sentencing Anderson and provided a reasoned basis for

concluding that a within-Guidelines sentence of imprisonment and below-Guidelines fine was warranted. Based on our review of the record as a whole, we conclude that Anderson fails to rebut the presumption of substantive reasonableness accorded his sentence. *See Louthian*, 756 F.3d at 306.

Anderson raises various additional challenges in his pro se brief. Because none of these issues were presented in the district court, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993); *see Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013) (describing standard).

Although Anderson appears to challenge his competency to enter a guilty plea, the district court fully questioned Anderson regarding factors relevant to competency during the plea colloquy. Anderson's responses and conduct during the hearing, as well as his counsel's related responses, demonstrate that he had both "a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him," *see United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted), and thus was competent to plead. Anderson also appears to challenge the factual basis for his plea, contending that the victim's conduct after his indictment demonstrates that she could not have suffered the severe emotional distress needed to support his conviction. Anderson's argument makes scant sense, and, in any event, his offense requires only that his course of harassing conduct "would be reasonably expected to cause substantial emotional distress" to the victim. *See* 18 U.S.C. § 2261A(2)(B). Anderson's undisputed conduct easily satisfies this requirement.

4

Many of Anderson's remaining pro se arguments revolve around the central theme that his statute of conviction is unconstitutionally vague and overbroad. The overbreadth doctrine "permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep." *City of Chicago v. Morales*, 527 U.S. 41, 52 (1999) (internal quotation marks omitted). Because such invalidation is a drastic, disfavored remedy, courts apply this remedy "sparingly and only as a last resort." *See Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973).

The vagueness doctrine prohibits the deprivation of a person's liberty "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015). A statute need not provide "perfect clarity and precise guidance," so long as its "prohibitions are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *United States v. Shrader*, 675 F.3d 300, 310 (4th Cir. 2012) (internal quotation marks omitted).

Anderson appears to rely on *United States v. Cassidy*, 814 F. Supp. 2d 574 (D. Md. 2011), to support his overbreadth and vagueness challenges. Even if we were to find *Cassidy*'s rationale persuasive—an issue that we need not address here—*Cassidy* addressed only an as-applied First Amendment challenge under facts readily distinguishable from Anderson's.

This court has already rejected a vagueness challenge to § 2261A(2). *Shrader*, 675 F.3d at 310-12. A panel of this court cannot overrule this prior decision, *see United*

5

*States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015), and we discern little basis for materially distinguishing *Shrader* from Anderson's case. Furthermore, the vast weight of authority militates against Anderson's vagueness challenge and both his facial and as-applied First Amendment challenges. *See United States v. Conlan*, 786 F.3d 380, 385-86 (5th Cir. 2015); *United States v. Osinger*, 753 F.3d 939, 943-48 (9th Cir. 2014); *United States v. Sayer*, 748 F.3d 425, 433-36 (1st Cir. 2014); *United States v. Petrovic*, 701 F.3d 849, 856 (8th Cir. 2012); *United States v. Bowker*, 372 F.3d 365, 378-83 (6th Cir. 2004), *rev'd on other grounds*, 543 U.S. 1182 (2005). Anderson therefore cannot succeed on these arguments under plain error review. *See United States v. White*, 836 F.3d 437, 446-47 (4th Cir. 2016) (recognizing that "plain" error must be "clear or obvious" at time of appellate consideration).

Anderson's final claims assert ineffective assistance of counsel and prosecutorial misconduct. We find no evidence in the record to support Anderson's claims of prosecutorial misconduct. *See United States v. Caro*, 597 F.3d 608, 624 (4th Cir. 2010) (describing standard). To establish ineffective assistance of counsel, Anderson must demonstrate that his attorney's performance was constitutionally deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). However, ineffective assistance claims are not cognizable on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because no conclusive evidence of ineffective assistance of counsel appears on the record,

Anderson's ineffective assistance claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Anderson's conviction and sentence. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*