**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4899**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALICIA RENEE MOONEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James P. Jones, District Judge.  (7:13-cr-00033-JPJ-PMS-1)

Submitted:  August 16, 2019                    Decided:  August 29, 2019

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, Lisa M. Lorish, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Laura Day Rottenborn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alicia Renee Mooney appeals her revocation judgment and resulting 23-month sentence imposed after the district court found that she violated her supervised release through her involvement in a home invasion and brutal assault. On appeal, Mooney contends that the court applied the wrong evidentiary standard, erred by finding that she committed the alleged violations, and failed to adequately address her sentencing arguments. For the reasons that follow, we affirm.

Mooney asserts that proof beyond a reasonable doubt, not preponderance of the evidence, is the appropriate standard for revoking supervised release. However, we have previously determined "that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights, including any right to have the alleged supervised release violation proved to a jury beyond a reasonable doubt." *United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014); *see Johnson v. United States*, 529 U.S. 694, 700 (2000) (holding that supervised release violation "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt"). Because *Ward* remains good law, its holding forecloses Mooney's argument.[*] *See United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (noting that "one panel [of this court] cannot overrule a decision issued by another panel" unless "the

---

[*] Although Mooney speculated in her opening brief that the Supreme Court's then-pending decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019) (striking down 18 U.S.C. § 3583(k) (2012)), might undermine our holding in *Ward*, we conclude that *Haymond* had no impact on Mooney's run-of-the-mill revocation sentence imposed under 18 U.S.C. § 3583(e)(3) (2012).

[prior panel] decision rests on authority that subsequently proves untenable" (internal quotation marks omitted)).

We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). At the revocation hearing, the district court heard testimony that, as a result of a domestic dispute, Mooney drove her boyfriend and his friend to the victim's house, where the two men broke in, stole some items, and physically and sexually assaulted the woman inside. Consequently, a Virginia jury convicted Mooney of, among other things, burglary and aggravated malicious wounding.

On appeal, Mooney argues that the district court failed to find that she induced or encouraged commission of those crimes, as necessary to be held criminally liable as an accessory before the fact. *See McGhee v. Commonwealth*, 270 S.E.2d 729, 732 (Va. 1980). However, the court credited the testimony of Mooney's boyfriend's friend, who claimed that Mooney precipitated the encounter by stating that she knew where the victim lived. In addition, the court stressed that Mooney helped facilitate the break-in by dropping the men off a short distance from the victim's residence, allowing them to sneak up on the house. Based on these findings, we conclude that the court did not abuse its discretion in revoking Mooney's supervision.

Finally, Mooney contests the adequacy of the district court's sentencing explanation. "A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory

3

maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). A district court imposes a procedurally reasonable sentence by "considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors," "adequately explain[ing] the chosen sentence," and "meaningfully respond[ing] to the parties' nonfrivolous arguments" for a different sentence. *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* (internal quotation marks omitted).

Mooney argues that the district court failed to consider her 51-year state sentence and the negative impact a federal sentence would have on her time spent in state custody. However, the court did acknowledge Mooney's lengthy state sentence but emphasized that its revocation sentence was aimed at punishing the separate transgression of breaching the court's trust. *See United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013). And although the court did not squarely address Mooney's collateral consequences argument, the context of the court's sentencing explanation made clear that Mooney's plea for leniency failed in light of her significant criminal history and the seriousness of her supervision violations. *See United States v. Blue*, 877 F.3d 513, 520-21 (4th Cir. 2017) ("[W]e will not vacate a sentence simply because the district court did not spell out what the context of its explanation made patently obvious." (brackets, emphasis, and internal quotation marks omitted)).

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*