# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

No. 20-4599
_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CHRISTOPHER SEAN TYSON,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:20-cr-00045-BR-1)

_____

Submitted: January 13, 2022               Decided: March 30, 2022

_____

Before NIEMEYER and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Sean Tyson appeals the 41-month sentence and three-year term of supervised release imposed following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Tyson argues that his sentence must be vacated because the district court imposed special financial conditions of supervised release without explaining why they were necessary in his case. The Government concedes that the court abused its discretion in failing to explain why it ordered substance abuse and mental health treatment, warrantless searches, or special financial conditions. In light of the Government's concession, Tyson argues in his reply brief that the court abused its discretion in failing to explain why it ordered substance abuse and mental health treatment, warrantless searches, or special financial conditions.[*] We vacate the challenged conditions and remand for resentencing.

We review "conditions of supervised release for abuse of discretion, recognizing that district courts have broad latitude in this space." *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021) (internal quotation marks omitted); *United States v. Lewis*, 958 F.3d 240, 243 & n.2 (4th Cir. 2020). "The [district] court may impose any special condition

---

[*] Because Tyson raised this argument after the Government raised it in its response brief, we will exercise our discretion to excuse the fact that he did not raise arguments related to these conditions until his reply brief. *See United States v. Caldwell*, 7 F.4th 191, 212 n. 16 (4th Cir. 2021) (noting "our discretion to excuse the fact that [the appellant] did not raise arguments [based on cases decided after he filed his opening brief] until his [r]eply [b]rief; *see also United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) ("The general rule against not [sic] considering an issue not raised until the reply brief is viewed differently when a new issue is raised in the appellee's brief and the appellant responds in his reply brief." (cleaned up)).

that is reasonably related to the statutory sentencing factors . . . ." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(d). "Unless a court adequately explains its reasons for imposing certain conditions, we can't judge whether the § 3583(d) factors have been met." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021). "[I]mportantly, this duty cannot be satisfied or circumvented through the adoption of a standing order purporting to impose special conditions of supervised release across broad categories of cases or defendants." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020).

"The adequacy of the sentencing court's explanation depends on the complexity of each case." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). "[O]ur review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but "[i]nstead, we look at the full context" surrounding the explanation. *United States v. Nance*, 957 F.3d 204, 213 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). "Absent such contextual indicators, however, we have declined to guess at the district court's rationale, searching the record for statements . . . or for any other clues that might explain a sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). "Failure to provide such an explanation constitutes procedural error." *McMiller*, 954 F.3d at 676. As relevant here, a court must specifically explain the bases for a discretionary condition of supervised release unless (1) the reasons are "self-evident," (2) the defendant did not raise any nonfrivolous objections to the condition, and (3) the court provided an adequate explanation for the sentence as a whole. *Boyd*, 5 F.4th at 559 (internal quotation marks omitted).

3

Here, Tyson argued for a lower custodial sentence, and, under *Lewis*, this preserves an objection to the explanation of discretionary conditions of supervised release. *See* 958 F.3d at 243 & n.2 (noting that, because defendant asked the district court to impose a lesser sentence, we reviewed his challenge to the adequacy of the court's explanation of the special conditions of supervised release for abuse of discretion (citing *United States v. Lynn*, 592 F.3d 572, 578-79 (4th Cir. 2010)). As the Government concedes, the district court did not explain why it imposed special conditions of supervised release relating to substance abuse and mental health treatment and warrantless searches, or the additional standard financial conditions. However, the court sufficiently explained the sentence as a whole, and Tyson did not object to any of the discretionary conditions. Thus, the only remaining question is whether the reasons for these conditions are self-evident. As the Government concedes, the district court's reasoning for imposing the challenged conditions was not "patently obvious." *Blue*, 877 F.3d at 521. We agree and therefore conclude that the district court abused its discretion. *See Lewis*, 958 F.3d at 243 & n.2. Although the Government argues that *Lewis* wrongly decided the standard of review to be applied, "we are bound by the basic principle that one panel cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted).

Accordingly, we vacate the challenged conditions and remand for further proceedings. *See United States v. Hardin*, 998 F.3d 582, 593 & n.14 (4th Cir. 2021) (noting that the proper remedy for procedurally unreasonable conditions of supervised release that were announced at sentencing is to vacate the sentence only as to those conditions and

remand for further proceedings), *cert. denied*, No. 21-829, 2022 WL 89394 (U.S. Jan. 10, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*